# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROBERT GAUDIO & THE FOUR SEASONS PARTNERSHIP, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:17-cv-01052-JPM<br>)<br>) |
| SPOTIFY USA INC, | )<br>) |
| Defendant. | ) |

## AMENDED SCHEDULING ORDER

This Cause was before the Court on April 17, 2019, for a Telephonic Status Conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. Counsel present for Plaintiffs Bluewater Music, Robert Gaudio, The Four Seasons Partnership and A4V Digital were Richard S. Busch, Joshua D. Wilson, Liz A. Natal, Matthew Sipf, and Christina Manna. Counsel present for Defendant Spotify USA Inc. were Harrison Frahn, Jeffrey Ostrow, Michael Carnevale, Grace Van Dyke James, Thomas Cramer and Jordan Lamonthe.

This is an action for willful copyright infringement pursuant to the Copyright Act and the Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.) (ECF No. 30 at ¶ 1.) Plaintiffs Robert Gaudio and The Four Seasons Partnership assert that Defendant Spotify does not have a license to display, reproduce, and/or distribute 106 music compositions published by Plaintiffs. (ECF No. 30 at ¶ 5.) Critical information for the resolution of this case includes Notices of Intent (NOI's) as to the works-in-suit and the dates of first streaming on Spotify in the United States.

At the Telephonic Status Conference, the following dates were established as the final deadlines for:

**DEFENDANT'S FILING OF ORGANIZATIONAL CHARTS OF SPOTIFY FOR 2011, 2013 AND 2019:** Noon on April 19, 2019.

**PLAINTIFFS' AND DEFENDANT'S FILING OF THE PARTIES' EXPERT REPORTS ON DAMAGES**: Noon on April 19, 2019.

**DEFENDANT'S FILING OF ALL LICENSING AGREEMENTS AND THE UNDERLYING DOCUMENTS SPOTIFY ANTICIPATES USING AT TRIAL TO ESTABLISH A DEFENSE OF LICENSE OR IMPLIED LICENSE FOR THE WORKS AT ISSUE (this includes all NOI's on which Defendant relies):**[1] 4:30 p.m. on April 24, 2019.

**LAST DAY FOR DEFENDANT TO SUBMIT REBUTTAL EXPERT REPORTS:** April 24, 2019

**DEADLINE FOR DEFENDANT TO PRODUCE 2011-2012 DATA:** April 27, 2019

**LAST DAY FOR ALL DISCOVERY, INCLUDING WRITTEN DISCOVERY, FACT DEPOSITIONS, AND EXPERT DEPOSITIONS (this does not include supplemental adjustments to Plaintiffs' expert reports as a result of 2011-2012 data produced by Defendant):** June 21, 2019

**SUPPLEMENTAL PLAINTIFFS' EXPERT REPORTS**: July 15, 2019

**FILING DISPOSITIVE MOTIONS**: July 19, 2019

**RESPONSES TO DISPOSITIVE MOTIONS**: August 9, 2019

**OPTIONAL REPLIES TO DISPOSITIVE MOTIONS:** August 23, 2019

**EXCHANGE OF FINAL LIST OF WITNESSES AND EXHIBITS UNDER RULE 26(a)(3)(A)**: August 30, 2019

**TRIAL**:

1. The **jury trial** in this matter, which is anticipated to last 8-10 days, is set to begin on Tuesday, October 1, 2019 at 9:30 a.m.

2. A **pretrial conference** is set for 9:30 a.m. on September 20, 2019.

3. The **joint proposed pretrial order, proposed verdict form, proposed jury instructions, proposed voir dire questions, and motions in limine** are due by no later than 4:30 p.m. on September 6, 2019.

**OTHER RELEVANT MATTERS**:

During the scheduling conference certain facts were stipulated to or admitted by the parties, including the following:

<u>By Defendant</u>
- In 2011 Spotify had 92 employees in the United States

---

[1] This does not relieve Defendant of the initial and supplemental disclosure requirements of Rule 26(a) and (e).

- In 2013 Spotify had 324 employees in the United States
- Spotify currently has 2,071 employees in the United States
- The earliest Notice of Intent (NOI) Spotify will be relying on in the Gaudio case is from May 25, 2011 (Defendant must file this NOI with the Court)
- Spotify began streaming in the United States on July 14, 2011
- On July 14, 2011, Spotify streaming included "Can't Take My Eyes Off You," one of the works-in-suit in this case.
- Defendant has a summary chart[2] of licenses for the relevant works-in-suit from Harry Fox Agency (HFA)
- Defendant issued subpoenas to HFA for any actual licensing agreements but has not tried to enforce the subpoenas
- Defendant does not currently know who would testify about NOIs or affiliate or direct licenses at trial
- Lisa Selden, the head of publishing at Spotify, is the designated 30(b)(6) witness for all of the Gaudio works at issue

By Plaintiffs
- If permitted to depose Daniel Ek, Plaintiffs would not need more than three hours

No depositions may be scheduled to occur after the June 21, 2019 discovery deadline. Any counsel who asserts unavailability of a noticed witness must, within 24 hours of receipt of the notice, supply to opposing counsel three alternative dates and times for the noticed witness' deposition, all of which are within 7 calendar days of the initial noticed date. Any counsel who asserts his/her unavailability for a noticed deposition must immediately designate another counsel to participate in his/her place.

All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to the discovery deadline.

Motions to compel discovery are to be filed and served within 5 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 3 days after such default or service. Any responses to a discovery motion should be filed within 3 days of the filing of the motion. Because of the additional time allowed for discovery at the April 17, 2019 conference/hearing and the limited time (62 days) remaining to complete discovery, the parties may request an immediate telephonic hearing on limited issues to avoid further discovery delays.

Because of the limited time remaining for discovery, and although consultation prior to filing a motion is desirable, a party may file a motion without consulting opposing counsel.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. The parties should strictly comply with Local Rule 56.1.

---

[2] See Rule 1006 of the Federal Rules of Evidence.

3

Case 3:17-cv-01052 Document 83 Filed 04/18/19 Page 3 of 4 PageID #: 748

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

**IT IS SO ORDERED**, this 18th day of April, 2019.

      /s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE